BRADLEY, Presiding Judge
(concurring specially):
I agree that there is clear and convincing evidence that Koenemann was the biological father of the child in question. However, I believe that the authority for Koe-nemann to bring the declaratory action is to be found in the Alabama Uniform Parentage Act, §§ 26-17-1 through -21, Code 1975.
Section 26 — 17—6(b) provides as follows:
“Any interested party may bring an action at any time for the purpose of determining the existence of nonexistence of the father and child relationship presumed under subdivision (4) or (5) of section 26-17-5(a).”
Although Presse is presumed to be the child’s natural father because he and the mother were married at the time the child was born, this presumption of paternity is rebuttable in “an appropriate action.” § 26-17-6(b), Code 1975. Moreover, the act recognizes that there will be assertions of paternity from more than one possible father because it provides in part that:
“In the event two or more conflicting presumptions arise, that which is founded upon the weightier considerations of public policy and logic, as evidenced by the facts, shall control. The presumption of paternity is rebutted by a court decree establishing paternity of the child by another man.”
§ 26-17-5(b), Code 1975.
It is undisputed that Koenemann has both received the child into his home and has openly held out that the child is his natural child. § 26-17-5(a)(4), Code 1975. Consequently, I would hold that he is an interested party under section 26-17-6(b) and that he has standing to pursue this paternity action.